UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 15-23343-CIV-MORENO

RICHARD MASSA,

        Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY,

        Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint **(D.E. 28)**, filed on **March 29, 2016**.

THE COURT has considered the motion, the response in opposition, the reply, the pertinent portions of the record, and is fully advised in the premises. It is

**ORDERED AND ADJUDGED** that Defendant's motion to dismiss is **DENIED** for the reasons put forth in this Order.

### I.    BACKGROUND

Plaintiff's Second Amended Complaint is brought pursuant to 42 U.S.C. § 1983, alleging that Defendant unlawfully retaliated against Plaintiff for exercising his First Amendment rights to free speech and association. Plaintiff Richard Massa, a special education teacher at Neva King Cooper Educational Center ("Neva King Cooper"), alleges that Defendant, the School Board of Miami-Dade County, retaliated against him for reporting concerns from fellow teachers who expressed feelings of being pressured to retest students and artificially inflate standardized test scores.

Plaintiff alleges that he began expressing grievances about his fellow employees' concerns in early 2014 and that Defendant began retaliating against him shortly thereafter. First, Plaintiff alleges that Defendant created a hostile work environment for him. Next, Plaintiff alleges that Defendant awarded him less enthusiastic performance reviews for no reason. After that, Plaintiff alleges that Defendant began to make his job more difficult by removing Plaintiff's experienced classroom aide and replacing her with a less capable coworker just as Plaintiff was beginning to teach new students. Finally, Plaintiff alleges that Defendant began lodging formal complaints about him on topics ranging from concerns about negligent supervision of his students to a complaint alleging Plaintiff's sexual improprieties against a particular student in the classroom bathroom.

## II.  LEGAL STANDARD

Defendant argues that Plaintiff's one-count amended complaint must be dismissed pursuant to Federal Rule of Procedure 12(b)(6), for failure to state a claim on which relief can be granted.

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

### III.   ANALYSIS

#### A. Plaintiff has adequately pled Defendant's liability under 42 U.S.C. § 1983

Defendant argues that Plaintiff's Second Amended Complaint should be dismissed for its inability to establish liability under 42 U.S.C. § 1983 due to Plaintiff's failure to allege that Defendant's retaliation was the result of an unofficial practice or custom shown through repeated acts Defendant undertook as a final policy maker. Plaintiff responds that his complaint adequately describes Defendant's custom of retaliating against employees who exercise their right to engage in protected speech, rendering dismissal inappropriate.

> Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Furthermore, "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). "A 'municipal act' is not . . . limited to decisions made by the . . . official legislative body or in written agreements," *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1480 (11th Cir. 1991), and municipal "policy

also may be implicated by the acts of individual policymaking officials or by pervasive . . . custom," *id.*

Plaintiff's Second Amended Complaint details a pattern of retaliatory action against teachers who have spoken out against the school system, describing two administrators[1] who were similarly retaliated against for speaking out against issues involving retesting, grade inflation, and the propriety of making Neva King Cooper into a charter school. The complaint specifies various methods of retaliation and specifically alleges that "Defendant has a policy, custom or usage of retaliation against constitutionally-protected speech and association," sufficient "that Defendant either knows or should know that such as occurred and is occurring." D.E. 13 at ¶ 44.

Based on the above, the Court finds that Plaintiff's Second Amended Complaint sufficiently pleads Defendant's liability under 42 U.S.C. § 1983. Therefore, Defendant's motion to dismiss is hereby DENIED.

### B. Plaintiff's speech may be afforded Constitutional protection

Defendant argues that Plaintiff's speech is not protectable because the communications against which Defendant allegedly retaliated solely concern Plaintiff's employment relationship with Defendant. Plaintiff responds that this argument is contrary to controlling precedent.

In *Garcetti v. Ceballos*, the Supreme Court held that "[w]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer dispute." 547 U.S. 410, 421 (2006). As the Court later explained, "[t]he critical

---

[1] Plaintiff's First Amended Complaint included several specific incidents of retaliation against additional employees, but these incidents have been removed from Plaintiff's Second Amended Complaint in the interest of brevity and in compliance with this Court's earlier order of dismissal without prejudice. *See* D.E. 13; 26.

4

question under *Garcetti* is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Lane v. Franks*, 134 S. Ct. 2369, 2379 (2014). And as the Eleventh Circuit has noted, testimony is not automatically considered employee speech because the employee "learned of the subject matter of his testimony in the course of his employment." *Alves v. Bd. Of Regents*, 804 F.3d 1149, 1169 (11th Cir. 2015) (quoting *Lane*, 134 S. Ct. at 2379).

Here, Plaintiff alleges that Defendant retaliated after Plaintiff issued written complaints to and provided live testimony before local and state authorities concerning purported pressures placed on teachers and incidents of alleged retaliation against former administrators. Plaintiff is an elementary school teacher whose job is to educate students with behavioral issues and special needs, and while Plaintiff may have learned of the subject matter of his testimony during the course of his employment, the speech for which he was allegedly retaliated against is not ordinarily the type that would fall within the scope of his duties as a special education teacher. For these reasons, Defendant's motion to dismiss is hereby **DENIED.**

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's motion (D.E. 28) is **DENIED.**

**DONE AND ORDERED** in Chambers, Miami, Florida, this 28th day of December, 2016.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record